UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

CHAD ALEX TYNE,

Plaintiff,

v. Case No: 2:26-cv-1133-SPC-KRH

SAI FORT MYERS B, LLC, a Florida limited liability company d/b/a BMW of Fort Myers; BMW OF NORTH AMERICA, LLC, a Delaware limited liability company; BMW FINANCIAL SERVICES NA, LLC, a Delaware limited liability company; BMW FS SECURITIES LLC[1], a Delaware limited liability company,

Defendants.

---

## OPINION AND ORDER

Before the Court is Defendant SAI Fort Myers B, LLC's Motion to Dismiss Plaintiff's Complaint. (Doc. 5). Defendant filed a reply with leave asking that the Court convert the motion to one for summary judgment. (Doc.

[1] Although identified on page 4 of the Complaint, this defendant is not included in the caption as required by Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties.").

11). Plaintiff opposes the conversion. The Court finds that the motion need not be converted to one for summary judgment.

**Legal Standard**

A district court should dismiss a claim where a party fails to plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 668 (2009). When considering a Rule 12(b)(6) motion, the reviewing court must accept all factual allegations in the complaint as true and view them in a light most favorable to the plaintiff. *See id.* at 678. Pro se pleadings are held to a less stringent standard and therefore liberally construed. *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). The Court does not serve as de facto counsel to a pro se party or rewrite deficient pleadings. *See id.* at 1168–69. Pro se litigants are still required to conform to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

**Background**

Plaintiff Chad Alex Tyne alleges that he submitted a credit application and payment to SAI Fort Myers B, LLC doing business as BMW of Fort Myers ("BMW Fort Myers") in connection with the purchase of a 2023 BMW 760i. BMW Fort Myers allegedly received and accepted payment for the transaction.

On November 6, 2023, BMW Fort Myers and Plaintiff executed a Buyer's Order at the dealership in Lee County, Florida, identifying the sale price of the vehicle at $123,645.00. The Buyer's Order confirms receipt and application of payment with a negative $0.35, "meaning the account was zeroed out upon application of Plaintiff's payment." (Doc. 1 at 2-3.) The Buyer's Order states on its face that the seller has 30 days to accept the offer, and BMW Fort Myers did not reject or return Plaintiff's offer.

Plaintiff sent a letter dated November 20, 2023, confirming pre-delivery arrangements and directing BMW Fort Myers to prepare the vehicle for delivery. BMW Fort Myers received the letter. The vehicle was never delivered, no keys were provided, and no certificate of title was issued. Plaintiff alleges that the $123,645.00 vehicle price reflected in the Buyer's Order was never refunded, reversed, or otherwise returned to Plaintiff. On December 13, 2023, Plaintiff emailed Alberto Ramos at BMW Fort Myers to request an update on the vehicle's status and to confirm that a written notice had been delivered. BMW Fort Myers did not respond.

The deal was reversed in BMW's own records without a refund, a written explanation, or return of the value paid. A vehicle with the same VIN was later registered to a third party, with 391 miles recorded as of April 2024. Plaintiff seeks the return of the vehicle price and treble damages totalling $370,935.00.

BMW of North America, LLC ("BMW NA") is the exclusive importer and distributor of BMW vehicles into the United States and exercises control over franchise dealerships, including BMW Fort Myers. BMW Financial Services NA, LLC ("BMW Financial Services") operates the asset-backed securities program through which retail sales contracts originate at the franchise dealerships. BMW FS Securities LLC ("BMW FS Securities") has issued multiple BMW vehicle owner trusts under a shelf registration program. BMW franchise dealers originate the retail installment sale contracts with consumers, BMW Financial Services purchases the contracts from the dealers, and acting as seller, transfers the receivables to BMW FS Securities, which then transfers the receivables into the issuing trusts.

Plaintiff alleges a breach of contract (Count I), civil theft (Count II) and conversion (Count IV), unjust enrichment (Count III), a violation of Florida Deceptive and Unfair Trade Practices Act (Count V), and a violation of the Securities Exchange Act (Count VI) against BMW Financial Services only. BMW Fort Myers is the only Defendant in Counts I, II, and IV. BMW Fort Myers is also one of the Defendants in Count III. All defendants are named in Count V.

## Preliminary Matters

"If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be

treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d). There are two exceptions to this rule: (1) the incorporation-by-reference doctrine and (2) judicial notice. As relevant here, "[u]nder the incorporation-by-reference doctrine, a court may consider evidence attached to a motion to dismiss without converting the motion into one for summary judgment if (1) 'the plaintiff refers to certain documents in the complaint,' (2) those documents are 'central to the plaintiff's claim,' and (3) the documents' contents are undisputed." *Baker v. City of Madison, Ala.,* 67 F.4th 1268, 1276 (11th Cir. 2023) (citing *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002); *Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997)).

The Complaint does not attach the referenced Buyer's Order, but a Plaintiff need not attach a copy of the contract to state a claim. *Delikrunch S.A.S. v. Freshly V Inc.*, No. 1:22-CV-20489-KMM, 2022 WL 18465075, at *2 (S.D. Fla. Oct. 27, 2022) (collecting cases). Defendant attaches the purported Buyer's Order, which lists the salesman as Michael Hafele and shows an amount owing of $133,953.75, with State and County sales taxes included. (Doc. 5-1). Plaintiff disputes its authenticity and attaches a photograph of the Buyer's Order showing no State or County taxes and a total amount due of $-0.35. (Doc. 7-1). Plaintiff also includes a text message with no name attached

that he asserts is from Michael Hafele, the salesperson. Regardless of the document's details, or their authenticity, neither version is signed or initialed by any party, buyer, or seller, and neither party has provided a signed document in support.

## Analysis

In Count I, Plaintiff alleges that BMW Fort Myers generated and transmitted a Buyer's Order on November 6, 2023, for the purchase of a 2023 BMW 760i for $123,645. Plaintiff alleges that he signed the Buyer's Order and the total amount due was negative $0.35. Plaintiff further alleges that BMW Fort Myers did not reject or return the offer within 30 days, accepted payment, and did not return any portion of the payment. Plaintiff alleges damages for the failure to deliver the vehicle. (Doc. 1 ¶¶ 28–31).

"The basic elements of a breach of contract claim are essentially the same in all three states: '(1) a valid contract; (2) a material breach; and (3) damages.'" *Calderon v. Sixt Rent a Car, LLC*, 114 F.4th 1190, 1200 (11th Cir. 2024) (citations omitted). "As a general proposition, 'where one contracting party signs the contract, and the other party accepts and signs the contract, a binding contract results.'" *Rocky Creek Ret. Properties, Inc. v. Estate of Fox ex rel. Bank of Am., N.A.*, 19 So. 3d 1105, 1108 (Fla. Dist. Ct. App. 2009) (collecting cases).

Both versions of the Buyer's Order are the same and are dated November 6, 2023, with the following term:

> Buyer agrees that **by signing this Order**, Buyer is making a firm offer to purchase the Vehicle for the terms stated herein, that as a firm offer, Seller has thirty (30) days in which to accept this offer, that Buyer may not withdraw such firm offer during this thirty-day (3) period and that although all of the terms of this firm offer including, but not limited to, the terms stated in the Seller's Rights and Remedies section below, are binding on Buyer, Seller may reject the firm offer unless and until it has been counter-signed by a duly authorized officer or manager of Seller…. Buyer agrees that Seller's acceptance of this firm offer will be **effective when this Order is countersigned by Seller's duly authorized officer or manager** regardless of whether a copy of the countersigned Order is received by the Buyer.

(Doc. 5-1; Doc. 7-1) (emphasis added). At issue is the validity of the contract itself, which requires an offer, acceptance of the offer, consideration, and "sufficient specification of the essential terms of the agreement." *Carmona Realty Group, LLC v. Fernandez*, 427 So. 3d 1120, 1128 (Fla. Dist. Ct. App. 2026) (citations omitted), *reh'g denied* (Feb. 9, 2026). "Where the parties intend that there will be no binding contract until the negotiations are reduced to a formal writing, there is no contract until that time." *Club Eden Roc, Inc. v. Tripmasters, Inc.*, 471 So. 2d 1322, 1324 (Fla. Dist. Ct. App. 1985) (citation omitted).

As previously noted, neither version of the document is signed by either party. So there was no firm offer and no acceptance. Even if Plaintiff signed the Buyer's Order, it would constitute a "material variation of the agreement, so as to be no more than a counter-offer." *Press v. Jordan*, 670 So. 2d 1016,

1017 (Fla. Dist. Ct. App. 1996) (citations omitted). Without a valid contract, there can be no breach. Count I is dismissed for failure to state a claim.

In Count II, Plaintiff alleges that BMW Fort Myers accepted payment and issued a signed Buyer's Order, but failed to deliver the vehicle or refund the payment. The deal was reversed without a refund, and the vehicle was then registered to a third party. Plaintiff sent a demand for damages under Fla. Stat. § 772.11, but received no acknowledgment. (Doc. 1 at 21, 35–36.)

"In a civil theft claim, 'the plaintiff must allege an injury resulting from a violation of the criminal theft statute.' [Fla. Stat. § 772.11(1)]. Under Florida's criminal theft statute, the plaintiff must allege the defendant: '(1) knowingly (2) obtained or used, or endeavored to obtain or use, the plaintiff's property with (3) 'felonious intent' (4) either temporarily or permanently to appropriate the property to the defendant's own use or the use of another.'" *Worldwide Aircraft Services Inc. v. Connecticut Gen. Life Ins. Co.*, 749 F. Supp. 3d 1204, 1208 (M.D. Fla. 2024) (citations omitted), *aff'd*, No. 25-10774, 2025 WL 3642361 (11th Cir. Dec. 16, 2025).

Plaintiff alleges theft under Fla. Stat. § 812.014, which provides that "[a] person commits theft if he or she knowingly obtains or uses, or endeavors to obtain or to use, the property of another with intent to, either temporarily or permanently: (a) Deprive the other person of a right to the property or a benefit

from the property. (b) Appropriate the property to his or her own use or to the use of any person not entitled to the use of the property." Fla. Stat. § 812.014.

The claim fails to allege 'felonious intent' or that the property belonged to Plaintiff. As noted above, there was no valid contract to purchase the vehicle, and Plaintiff has not alleged that the vehicle was his property. The absence of an allegation of criminal intent is fatal to the claim. The motion to dismiss is granted as to Count II.

In Count IV, Plaintiff alleges that BMW Fort Myers received and applied a $123,645 payment toward the purchase of a vehicle. BMW Fort Myers did not deliver the vehicle or refund the payment and it transferred the vehicle to a third party. (Doc. 1 ¶ 45).

"Conversion is an act of dominion wrongfully asserted over another's property inconsistent with his ownership therein." *Edwards v. Landsman*, 51 So. 3d 1208, 1213 (Fla. Dist. Ct. App. 2011) (quotation marks and internal citation omitted). "'To state a claim for conversion, one must allege facts sufficient to show ownership of the subject property and facts that the other party wrongfully asserted dominion over that property.'" *Taubenfeld v. Lasko*, 324 So. 3d 529, 541–42 (Fla. Dist. Ct. App. 2021) (quoting *Edwards*, 51 So. 3d at 1213).

Generally, "a plaintiff may not recover in tort for a contract dispute unless the tort is independent of any breach of contract," however the Court

has determined that there is no valid contract and therefore "not being a party to the contract, the independent tort doctrine does not apply." *Un2jc Air 1, LLC v. Whittington*, 324 So. 3d 1, 3 (Fla. Dist. Ct. App. 2021). There are insufficient facts to show ownership of the vehicle or that BMW Fort Myers wrongfully kept the vehicle. The motion to dismiss is granted as to Count IV.

In Count V, Plaintiff alleges that BMW Fort Myers accepted payment of $123,645, and the "signed Buyer's Order" confirms receipt and application of payment reflecting the negative $0.35 due. BMW Fort Myers did not deliver the vehicle, and it was transferred to a third party without a written explanation. (Doc. 1 ¶ 49). BMW NA is also named in Count V.

"A primary purpose of FDUTPA is 'to protect the consuming public and legitimate business enterprises from those who engage in unfair methods of competition, or unconscionable, deceptive, or unfair acts or practices in the conduct of any trade or commerce.'" *Collins v. DaimlerChrysler Corp.*, 894 So. 2d 988, 989 (Fla. Dist. Ct. App. 2004) (quoting Fla. Stat. § 501.202(2)). "To bring a FDUTPA claim for damages, a plaintiff must establish three elements: 1) a deceptive act or unfair practice; 2) causation; and 3) actual damages." *Stewart Agency, Inc. v. Arrigo Enterprises, Inc.*, 266 So. 3d 207, 212 (Fla. Dist. Ct. App. 2019).

"The Florida Supreme Court defines a deceptive act as a 'representation, omission, or practice that is likely to mislead the consumer acting reasonably

in the circumstances, to the consumer's detriment . . . .' The Court further defines an unfair practice as 'one that 'offends established public policy' and one that is 'immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers.'" *Point Conversions, LLC v. WPB Hotel Partners, LLC*, 324 So. 3d 947, 957 (Fla. Dist. Ct. App. 2021) (citations omitted).

Plaintiff has not alleged a deceptive act or an unfair practice against BMW Fort Myers and therefore fails to state a FDUTPA claim. The motion to dismiss is granted as to Count V.

In Count III, Plaintiff alleges unjust enrichment against all Defendants. As to BMW Fort Myers specifically, Plaintiff alleges that he submitted payment to BMW Fort Myers, but did not receive delivery of the vehicle or a refund. (Doc. 1 ¶ 40.)

"Under Florida law, unjust enrichment is a legal fiction designed to permit recovery by contractual remedy in those cases where there is no contract . . . . Recovery is warranted 'where it is deemed unjust for one party to have received a benefit without having to pay compensation for it.'" *Dooley v. Gary the Carpenter Constr., Inc.*, 388 So. 3d 881, 883 (Fla. Dist. Ct. App. 2023) (citations omitted). "'The elements of a cause of action for unjust enrichment are: (1) plaintiff has conferred a benefit on the defendant, who has knowledge thereof; (2) defendant voluntarily accepts and retains the benefit conferred; and (3) the circumstances are such that it would be inequitable for

the defendant to retain the benefit without first paying the value thereof to the plaintiff.'" *Doral Collision Ctr., Inc. v. Daimler Tr.*, 341 So. 3d 424, 429 (Fla. Dist. Ct. App. 2022) (quoting *Duty Free World, Inc. v. Miami Perfume Junction, Inc.*, 253 So. 3d 689, 693 (Fla. Dist. Ct. App. 2018)). "[T]he use of the term "equitable" in reference to an unjust enrichment claim denotes fairness and does not mandate that unjust enrichment be construed as seeking only an equitable, as opposed to a legal, remedy." *Duty Free World*, 253 So. 3d at 694.

Assuming there is no valid contract and taking the factual allegations that BMW Fort Myers retained a benefit after Plaintiff paid as true, the Court finds that an unjust enrichment claim is stated. The motion to dismiss is denied as to Count III.

Accordingly, it is now

**ORDERED:**

Defendant SAI Fort Myers B, LLC's Motion to Dismiss Plaintiff's Complaint (Doc. 5) is **GRANTED IN PART AND DENIED IN PART** as follows:

1. Counts I, II, and IV are **DISMISSED without prejudice**.
2. Count V is **DISMISSED without prejudice** as to BMW Fort Myers only.
3. The motion is **DENIED** as to Count III.

**DONE AND ORDERED** at Fort Myers, Florida on July 24, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record